[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE CT Page 10861
The defendants have filed a motion to strike the fourth count of the plaintiff's complaint which alleges that the defendant, Paul Romaniello, an accountant, and the firm of Capossela, Cohen, Engelson Coleman, P.C. aided and abetted the fraudulent actions of another co-defendant, Robert A. Katz. They claim that this allegation does not state a cause of action recognized in Connecticut.
The complaint alleges that defendants Robert A. Katz and Debbie K. Katz borrowed money from Brookfield Bank, now succeeded by Federal Deposit Insurance Corporation ("FDIC"), in September 1989. The bank's decision to lend the money was predicated in part upon a letter sent by the defendant corporation which the plaintiff alleges misrepresented the worth of certain of the Katz' assets. The plaintiff alleges that the accounting firm knew or should have known and could reasonably have foreseen that a third party would rely on the corporation's representation of personal knowledge of the Katz' net worth. As a result of the letter, the bank sought no collateral as security. The bank has been unable to collect on the loan despite demand.
The defendants' assertion that there is no recognized cause of action in Connecticut for aiding and abetting a common law fraud is correct. However, there has been a recognition of such a theory of liability in other jurisdictions. Although aiding and abetting has been most commonly used as a theory of criminal, rather than civil liability, ". . .every circuit court to have addressed the question has held there can be civil liability for aiders and abettors of securities law violations." Petro-tech, Inc. v. Western Co. of North America,824 F.2d 1349 (3rd Cir. 1987).
 The doctrine also has a civil common law application. The Restatement (Second) of Torts, section 876(b) holds that liability "[f]or harm resulting to a third person from the tortious conduct of another. . . [can be imposed upon a party who] (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself".
Id. at 1357.
In Halberstam v. Welch, 705 F.2d 472, the court traces the CT Page 10862 development of the liability of a secondary defendant for the tortious conduct of a primary wrongdoer. The court focuses on two variations of the theory of vicarious liability, ". . .(1) conspiracy, or concerted action by agreement, and (2) aiding and abetting, or concerted action by substantial assistance." Id. at 477. It finds that these "bases of liability correspond to the first two subsections in the Restatement (Second) of Torts, section 876 (1979). . . ." It quotes that section on "Persons Acting in Concert" as follows:
 For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
 (a) does a tortious act in concert with the other or pursuant to a common design with him . . . or
 (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. . . .
The first of these the court designates "conspiracy;", the latter, "aiding-abetting." The court finds that "[T]he prime distinction between civil conspiracies and aiding-abetting is that conspiracy involves an agreement to participate in a wrongful activity. Aiding-abetting focuses on whether a defendant knowingly gave `substantial assistance' to someone who performed wrongful conduct, not on whether the defendant agreed to join the wrongful conduct." The court continues, "[T]here is a qualitative difference between proving an agreement to participate in a tortious line of conduct, and proving knowing action that substantially aids tortious conduct." Id. at 478.
The court then states that "[A]iding and abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." Id. at 477. The plaintiff has alleged these elements in its fourth count.
In Aeronca Inc. v. Gorin et al., 561 F. Sup. 370 (S.D. N.Y., 1983), the court found that ". . .to prevail on a claim for common law fraud, the plaintiff must prove that the defendant made a false representation of fact, with scienter, that the defendant intended the plaintiff to act or refrain from acting in reliance on the CT Page 10863 misrepresentation, that the plaintiff justifiably relied upon the misrepresentation in taking, or refraining from, action, and that the plaintiff sustained pecuniary loss as a result of this reliance." Id. at 373. The plaintiff has made these allegations in the fourth count.
The court recognizes that the Seventh Circuit has held that there is no such tort as aiding and abetting a common law fraud. Cenco, Inc. v. Seidman and Seidman, 686 F.2d 449, 552-53 (7th Cir. 1982). However, this court is persuaded by the reasoning of the Halberstam case, supra.
Accordingly, the court finds that the plaintiff has alleged sufficient facts to state a cause of action of aiding and abetting a common law fraud. The motion to strike the fourth count is denied.
LEHENY, J.